IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JONATHAN NORRIS, ) | CASE NO. 1:09 CV 369 |
| ) | (1:04 CR 621) |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | **MEMORANDUM OPINION** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #77 in Case No. 1:04 CR 621.) For the reasons set forth below, Petitioner's Motion is DENIED.

### Factual and Procedural Background

On March 13, 2006, Petitioner agreed to plead guilty to a three count indictment charging him with Interference with Commerce by Robbery, in violation of Title 18, Section 1951(a) and 2, United States Code; Using a Firearm during a Crime of Violence, in violation of Title 18, Section 924(c), United States Code; and, Felon in Possession of a Firearm, in violation of Title 18, Section 922(g)(2), United States Code.

Previously, on or about December 6, 2004, Petitioner, armed with a handgun, along with an unknown accomplice, entered and robbed Pro Pager, a retail establishment. Petitioner

brandished the weapon at employees and told them to give him the money or die. Petitioner took three cell phones and he and the accomplice left the store. Petitioner was located and arrested after the robbery. Two of the cell phones that had been taken during the robbery were found on Petitioner's person and the gun used in the robbery was also found in the area where he was arrested. The investigation following the robbery revealed that on or about June 15, 2001, Petitioner had previously been convicted on two counts of burglary in Duval County, Florida.

The Plea Agreement set forth the maximum penalties that could be imposed for each Count and Petitioner expressed his understanding of the terms of the Plea Agreement.

On May 8, 2006, Petitioner was sentenced to the custody of the Bureau of Prisons for a term of 84 months on Count Two, and to 30 months on Counts One and Three to run concurrent but consecutive to Count Two. The Court recommended the 500 hour drug treatment program after the sentence served on Count Two. A term of three years supervised release was ordered with the usual conditions as directed. A special assessment was due in the amount of $300.00.

A Notice of Appeal to the Sixth Circuit Court of Appeals was filed on behalf of Petitioner by Federal Public Defender Edward Bryan on May 25, 2006. On October 25, 2007, the Sixth Circuit Court of Appeals affirmed the District Court's Judgment.

On February 17, 2009, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Petitioner argues that ineffective assistance of Counsel, in violation of the Sixth Amendment, renders his conviction and sentence unlawful. Petitioner states (1) that his right to a speedy trial was violated and challenges Counsel's failure to challenge his conviction on that basis; (2) that his guilty plea was not knowingly and voluntarily entered; (3) that no pretrial

motions were ever filed on his behalf by any one of his appointed Counsel and that had a motion to suppress been filed and been successful, he would not have pled guilty; (4) that there was a violation in the handling of evidence which Counsel failed to challenge; and, (5) that his sentence was unlawful and Counsel failed to properly challenge his sentence.

On April 15, 2009, the United States filed it response to the Motion to Vacate. (Docket #79.) First, the Government argues that Petitioner filed his Motion to Vacate beyond the one year period of limitation for filing habeas corpus petitions. Petitioner's judgment of conviction became final on October 25, 2007 when the Sixth Circuit Court of Appeals affirmed the District Court's judgment. He did not file his Section 2255 Motion until February 2009. Therefore, the United States asserts that the Motion is time-barred.

Further, the Government states that Petitioner has failed to establish that Counsel was ineffective. Citing *Strickland v. Washington*, 466 U.S. 668 (1984), the Government asserts that none of Petitioner's allegations against Counsel amount to deficient performance. The Government directs the Court to the motions, objections and challenges regarding evidence, conviction and sentencing which were raised on Petitioner's behalf. The Government asserts that even if Petitioner had provided an example of deficient performance, there is no evidence of prejudice, as there is no evidence that but for the deficiency the outcome would have been different.

In addition to the above, the Government discusses that there is no evidence that Petitioner was coerced or otherwise forced to sign the Plea Agreement and that Petitioner acknowledged that the Plea Agreement was entered into knowingly and voluntarily and that he was fully satisfied with the legal counsel and assistance provided by his attorney. Accordingly,

the Government argues that Petitioner has not satisfied his burden under 28 U.S.C. § 2255.

Finally, the Government argues that Petitioner cannot raise a non-constitutional challenge to his sentence, as such a claim is not cognizable under Section 2255.

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

This Court has thoroughly reviewed all information relative to Petitioner's Motion and the Response filed by the Government. Based upon that review, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

Petitioner's Motion was filed well outside the one-year statute of limitations and Petitioner has failed to demonstrate newly discovered evidence or a retroactive constitutional law. Therefore, Petitioner's Motion is untimely.

Further, there is simply no evidence to support Petitioner's claims of ineffective assistance of Counsel, In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for a claim ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant

> makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, Paragraph a of syllabus (1985).

The record in this case shows active and appropriate representation by Counsel and there is no evidence that any of the alleged actions or inactions taken by Counsel, including the claim that Counsel should have challenged the evidence on the ground of chain of custody, would have changed the outcome in this case.

The docket in this case clearly reflects the fact that numerous pre-trial conferences were held, at which time it was represented to Court that plea negotiations were ongoing. Petitioner was permitted to withdraw his first guilty plea, and requested and obtained new counsel on two separate occasions prior to pleading guilty. Relative to Petitioner's speedy trial claim, the docket in this case reflects Petitioner waived his right to speedy trial as apart of a Motion for Continuance filed by his attorney, Jay Milano, on March 7, 2005. Relative to Petitioner's claim that no motions were filed on his behalf, a review of the docket shows that a Motion to Suppress was in fact filed on his behalf by his third attorney, John Pyle, on December 14, 2005.

In addition, there is no evidence, as suggested by Petitioner, that Trial Counsel was unprepared and therefore coerced him into pleading guilty. The Plea Agreement was read into the record in open court. The Plea Agreement was executed both knowingly and voluntarily by Petitioner, as is evidenced by the language of the Plea Agreement and Petitioner's agreement to its terms. The Plea Agreement explicitly states that Petitioner "discussed this case and the plea with his attorney in detail and has been advised by his attorney of the constitutional and other rights of an accused, the factual basis for and the nature of the offenses to which the guilty pleas will be entered, possible defense, and the consequences of the guilty plea. [Norris] declares that he is fully satisfied with the legal counsel and assistance provided by his attorney."

Finally, Petitioner argues that his sentence is unlawful and Counsel's failure to properly challenge his sentence renders his representation ineffective. However, Petitioner provides no information as to how the sentence imposed is unlawful, or in what respect Counsel was ineffective for failing to challenge his sentence.

Petitioner has presented no evidence to the Court to support the claims raised in his Motion. In the context of a guilty plea, Petitioner is required to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. While Petitioner asserts that he would have insisted on going to trial, he does not provide any evidence, aside from bald assertions, to support his claims that Counsels' representation fell below an objective standard of reasonableness. Accordingly, Petitioner is not entitled to the relief sought.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct

Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #77 in Case No. 1:04 CR 621) is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *May 20, 2009*